Tirelli & Wallshein, LLP
Linda M. Tirelli, Esq.                                               Hearing Date:_ May 23, 2018
50 Main Street, Suite 405                                            Hearing Time:_ 10:00am_____
White Plains, NY 10606
(914)732-3222
LTirelli@TW-LawGroup.com


IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS DIVISION

------------------------------------------------------------X
JACK PINNOCK,                                ) CH. 13 CASE NO. 16-23508 (RDD)
MAZIE PINNOCK                                )
                                             )
        DEBTORS.                             )
------------------------------------------------------------X
JACK PINNOCK AND                             )
MAZIE PINNOCK                                )
                MOVANTS                      ) MOTION OBJECTING TO CLAIM
                                             ) 16-1 FILED BY US BANK, NA
V.                                           )
                                             )
US BANK NATIONAL ASSOCIATION,                )
AS TRUSTEE, ON BEHALF OF THE                 )
HOLDERS OF CSMC                              )
MORTGAGE-BACKED                              )
PASS-THROUGH CERTIFICATES,                   )
SERIES 2007-1 AND                            )
SELECT PORTFOLIO SERVICING, INC              )
                                             )
                RESPONDENTS                  )
------------------------------------------------------------X

DEBTORS' MOTION OBJECTING TO PROOF OF CLAIM 16-1 FILED BY U.S. BANK
NATIONAL ASSOCIATION AT TRUSTEE ON BEHALF OF THE HOLDERS OF THE
CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2007-1 AND
MOTION TO VOID LIEN PURSUANT 11 U.S.C. 506(a) AND TO DETERMINE VALUE OF
SECURITY AND CREDITOR'S ALLOWED CLAIM (IF ANY) AND AWARD FOR
DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF

**COME NOW** the above-named debtors, by and through their attorney of record, Linda M. Tirelli pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully object to the Proof of Claim Number 16-1 and further move this Court pursuant to 11 U.S.C. §506(a) and bankruptcy rule 3012 to determine the value of security and creditor's allowed secured claim and further move this Court pursuant to 11 U.S.C. §506(d) to declare the lien void and further move this court to award for damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. §105.

1. This case was commenced by the filing of a petition with the Clerk of this court on November 2, 2016.

2. The Chapter 13 plan was filed with the court and served on all creditors on November 2, 2017.

3. The 341(a) meeting of creditors was held in White Plains, NY on December 9, 2016 no creditors attended.

4. The bar date for filing claims was March 9, 2017.

5. At all times relevant, the Debtors are the owners a property located at 2848 Sedgwick Avenue, Bronx, NY 10468.

6. Respondent, US Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1, ("U.S. Bank") is an alleged creditor named as claimant in Proof of Claim 16-1 filed the Movants' current bankruptcy case;

7. Respondent, Select Portfolio Servicing, Inc., is an alleged servicing agent for U.S. Bank and is named as the party to be address for notice purposes on Proof of Claim 16-1;

8. Prior to the filing of the instant case, in 2011, Debtor husband, Mr. Jack Pinnock, was a debtor in a Chapter 11 case (SDNY Case Number 11-22011-rdd).

9. For reasons stated on the record, the 2011 chapter 11 case was converted to case under chapter 7 on October 25, 2011 ( herein after the "Chapter 7 Case" or the "2011 case")

10.    During the course of the Chapter 7 case, an alleged creditor, US Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1, (herein after "US Bank") filed a Motion for Relief from Automatic Stay seeking relief to return to state court to foreclose on the debtors' investment property located at the 2848 Sedgwick Ave., Bronx, NY. A copy of U.S. Bank's Motion for Relief From Stay with exhibits is attached hereto as **Exhibit A**.

11.    The promissory note attached to the Motion for Relief Form Stay was originated by First Meridian Mortgage, a Limited Liability Company and is not further indorsed.

12.    Neither the Debtors' counsel nor the Chapter 7 Trustee in the 2011 chapter 7 case objected to U.S. Bank's Motion for Relief from Stay.

13.    On December 10, 2012 this court, sua sponte entered an order DENYING U.S. Bank's Motion for Relief from Stay. In his order, the Honorable Judge Robert D. Drain determined U.S. Bank lacked standing to bring the Motion for Relief from stay in the chapter 7 case and that it had no valid and enforceable interest in the Property. The court emphasized the fact that he gave the alleged creditor ample time, warning and multiple chances to produce an original note indorsed to it or in blank, but U.S. Bank was unable to do so. A copy of the Court's order denying the motion for relief from stay is attached hereto as **Exhibit B.**

14.    More than FOUR (4) years after the denial of U.S. Bank's Motion for Relief From Stay On March 9, 2017, US Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 filed Proof of Claim 16-1 in the instant bankruptcy case.

15.    With no explanation, Proof of Claim 16-1 includes what appears to be an allonge purporting to indorse the alleged promissory note from "First Meridian Mortgage" in blank. This allonge purports to indorse the note over 4 years after this court determined the creditor lacked standing.

16.     The Debtors aver that the allonge included in Proof of Claim 16-1 is a bogus document fabricated to entice the reliance of the Court, the Debtors, the Trustee and the creditors in the instant case.

17.     The Debtors aver that the purported allonge does not qualify as an allonge under NYS UCC Article 3-202(2) which requires, "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof."  Given the TWO (2) tales told to this court, the first in a Motion for Relief from Stay with no indorsement and the second tale told via a proof of claim with an allonge.  Clearly the purported allonge is not "firmly affixed" to the note and was not affixed prior to the indorsement.   The Debtors further aver that consistent with official comment 3 to UCC Art. 3-202, a staple is not an appropriate means to firmly affix paper to a Note for purposes of indorsement. Official comment 3 to UCC 3-302(2)  states in part, "a mortgage or other separate paper pinned or clipped to an instrument is not sufficient for negotiation". The "paper pin" is similar to the modern day staple in that it joins paper with a thin strip of metal intended to be readily removed and re-attached.

18.     The Debtors aver that the originating lender "First Meridian Mortgage a Limited Liability Company" is no longer in service according to the online records maintained by the NYSDFS and NMLS.  Despite online searches, the Debtor through counsel has been unable to ascertain if the originating lender was ever a legal entity licensed to underwrite and originate mortgages in New York.

19.     The Debtors object to the filing of the said Proof of Claim on the basis that the Proof of Claim is not supported by any verifiable document to indicate how and when the claimant, US Bank, became a real party in interest, holder of a note or otherwise an agent or party with the right to file a claim as creditor in the Debtors' bankruptcy case. Moreover, this court has already made the judicial determination that U.S. Bank has no valid enforceable interest in the property.  The opportunity to prove otherwise was at the time of the hearing on the Motion for Relief From Stay in the 2011 Ch 7 case.

20.     Rule 3001(c) of the Bankruptcy Rules provides that when "a claim is based on a writing" the "original or a duplicate shall be filed with the proof of claim."  The claim filed pursuant to FRBP 3005(a) in this case is fatally defective for failure to comply with this mandatory Rule.

21.     Attached to the Proof of Claim is an alleged assignment of mortgage dated July 9, 2013 which purports to assign the mortgage alone from MERS as Nominee for "First Meridian Mortgage" (sic) to claimant US Bank c/o Select Portfolio Servicing.

22.     The court may take judicial notice that the alleged assignment is dated in 2013 six years *after* the closing date of the 2007 securitized trust identified as the purported assignee.

23.     The Court may take judicial notice that at the top left of the alleged assignment of mortgage the company "Richmond Monroe Group" is identified as the party requesting the recording and return of the assignment.

24.     According to the online website of Richmond Monroe Group, the company identifies itself as specializing in document preparation and recording of assignments.  The Website further boasts that the company "has the knowledge to process thousands of assignments quickly and accurately"

25.     According to the online website of Richmond Monroe Group, the company also offers "Misc Document Services" listing, among other things, ALLONGES.

26.     The link to the Richmond Monroe Group's website is as follows:

http://www.richmondmonroe.com/Default.aspx

27.     Screen shots of the Richmond Monroe Group's web pages advertising and boasting about the services offered are attached here to as **Exhibit C**.

28.     The Debtors aver that the alleged creditor hired Richmond Monroe to fabricate both a bogus assignment of mortgage and an allonge from whole cloth to affix to the proof of claim filed in the instant case in a thinly veiled attempt to fool this Court, the Debtors, the Trustee and all other creditors enticing all to believe the validity of the document.

5

Debtors believe and therefore allege that the would-be creditor is not being forthright with the court and in filing the proof of claim 16-1, acted in a manner intending to defraud the court and bringing the integrity of the entire bankruptcy process into question.

29. The Debtors dispute the validity of the allonge filed by U.S. Bank in this case in support of POC 16-1;

30. The Debtors dispute the validity of the assignment of mortgage filed by U.S. Bank in this case in support of POC 16-1;

31. The Debtors maintain that the allonge and assignment of mortgage produced in this case are a clear fraud upon the court committed by the claimant U.S. Bank, its servicing agent and its attorneys.

**WHEREFORE,** the debtors pray of the Court as follows:

A. That the Court direct the Chapter 13 Trustee to strike Proof of Claim 16-1;

B. That US Bank National Association, as trustee, on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank") or any affiliate, successor, servicer and the like be precluded from filing an amended, modified or substitute claim in this case;

C. That the Court disallow and expunge Proof of Claim 16-1;

D. That the Court void any and all liens associated with Proof of Claim 16-1 pursuant to 11 U.S.C. 506(d)(1);

E. That the Court award legal fees to the Debtors and other damages, sanctions and injunctive relief under the Court's inherent powers granted under 11 U.S.C. 105; and

F. That the debtors have such other and further relief as the Court may deem just and proper.

This the 13th day of February 2018.

  /s/ Linda Tirelli
Linda M. Tirelli, Esq.
Tirelli & Wallshein, LLP
Debtors' Counsel
50 Main Street, Suite 405
White Plains, NY 10606
(914)732-3222