UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JACK PINNOCK
and MAZIE PINNOCK,                            Chapter 13
                                              Case No. 16-23508 (RDD)

             Debtors.
------------------------------------------------------------X
APPEARANCES:

Terelli & Walshein, LLP, counsel for the Debtors, by Linda M. Tirelli, Esq.

Sheldon May & Associates, P.C., counsel for U.S. Bank, National Association, as trustee, by Ted Eric May, Esq.

**MEMORANDUM OF DECISION ON OBJECTION TO CLAIM NO. 16-1 OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, ON BEHALF OF THE HOLDERS OF CSMC MORTGAGE-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-1**

Hon. Robert D. Drain
United States Bankruptcy Judge

      The debtors herein (the "Debtors") filed an objection, dated February 13, 2018 (the "Claim Objection") under 11 U.S.C. §§ 502(b)(1) and 506(d) and Fed. R. Bankr. P. 3007, to Claim No. 16-1 filed in this case on behalf of U.S. Bank National Association as trustee on behalf of the holders of CSMC Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank"). The Claim Objection accurately states that in a prior case under the Bankruptcy Code of Debtor Jack Pinnock (Case No. 11-22011 (RDD)), U.S. Bank filed a motion for relief from the automatic stay under 11 U.S.C. § 362(a) that the Court denied by an order dated December 10, 2012 based on U.S. Bank's failure to produce any evidence (a) that it was the holder of the underlying note or (b) that the underlying mortgage on the Debtor's property in the Bronx, New York (the "Property") had been properly recorded. See Exhibit B to the Claim Objection. The lift-stay motion attached a note issued by the Debtors to First Meridian

Mortgage, A Limited Liability Company ("First Meridian") that contained no subsequent indorsements (the "Note"), and, notwithstanding being given several months to produce evidence of its standing to enforce the Note, U.S. Bank failed to do so.

In the Debtors' present case under the Bankruptcy Code, U.S. Bank's Proof of Claim No. 16-1, dated February 20, 2017, attached the Note <u>along with an undated document titled "Allonge to Promissory Note" purporting to be indorsed in blank by First Meridian</u> (the "Allonge").  Proof of Claim No. 16-1 also attached a Corporate Assignment of Mortgage, dated July 9, 2013, pursuant to which Mortgage Electronic Registration Systems, Inc. ("MERS"), purportedly "as nominee for First Meridian Mortgage Its Successors And Assigns," assigned the mortgage at issue, "together with all moneys now owing or that may hereafter become due in respect thereof," to U.S. Bank.

The Claim Objection contends that the Allonge is not a proper allonge under NY U.C.C. § 3-202(2) because it was not "firmly affixed" to the Note as required by such section[1] and as evidenced by the fact that it was not attached to the prior lift-stay motion.  The Claim Objection further states that the Allonge and the purported assignment of the mortgage were prepared by Richmond Monroe Group, a company whose website states that it "prepares allonge[s]" among other documents for lenders and has a hyperlink to its services for "preparation of missing/intervening assignments," <u>see</u> Exhibit <u>C</u> to the Claim Objection, and therefore also contends that the Allonge and assignment were fraudulent.  Further, the Claim Objection contends that MERS had no authority to assign the underlying debt to U.S. Bank.

---

[1] NY U.C.C. § 3-202(2) provides, "An indorsement must be written by or on behalf of the holder and on the instrument or on a paper <u>so firmly affixed thereto as to become a part thereof</u>."  (Emphasis added.)  Official Uniform Comment 3 to that section states, "Subsection (2) follows decisions holding that a purported indorsement on a mortgage or other separate paper pinned or clipped to an instrument is not sufficient for negotiation.  The indorsement must be on the instrument itself or on a paper intended for the purpose which is so firmly affixed to the instrument as to become an extension or part of it.  Such a paper is called an allonge."

Based on these allegations, the Debtors contend that U.S. Bank lacks the ability to enforce the Note and, accordingly, the underlying mortgage under New York law and, therefore, that Claim No. 16-1 should be disallowed and expunged. The Claim Objection further seeks an order declaring the lien securing the Note void pursuant to 11 U.S.C. § 506(d),[2] including as recorded on behalf of the original lender by MERS.[3]

After due notice, the Court held the initial hearing on the Claim Objection on May 23, 2018. Although U.S. Bank had not filed a response to the Claim Objection, notwithstanding the passage of over three months since service, at the initial hearing its counsel requested more time to do so. The Court therefore set June 4, 2018 as the objection deadline, adjourned the hearing on the Claim Objection, and informed counsel for U.S. Bank that by the deadline it would need to provide extrinsic evidence supporting its contention that it was the holder or transferee entitled to enforce the Note and, therefore, the mortgage under New York law.

U.S. Bank never filed a response to the Claim Objection. Instead, at the adjourned hearing on the Claim Objection, which was ultimately held on September 26, 2018, counsel for U.S. Bank only (a) handed the Court a separate page that appeared to be the original signed Allonge but which was not firmly attached to the Note, which counsel also handed to the Court, and (b) asserted that U.S. Bank had physical possession of the Note. Counsel made no showing, however, as to how, when or from whom U.S. Bank obtained the Note. Nor did U.S. Bank demonstrate MERS's authority to act on First Meridian's behalf with respect to any rights under

---

[2] 11 U.S.C. § 506(d) states, "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void," subject to limited exceptions that do not apply here.

[3] Proof of Claim No. 16-1, unlike the prior lift-stay motion, includes the recording cover page filed with the NYC Department of Finance Office of the City Register on behalf of the original lender on October 20, 2006.

3

the Note, as opposed to the mortgage.  Nevertheless, counsel for U.S. Bank contended that U.S. Bank could enforce the Note and mortgage because it possessed the Note.

This Memorandum of Decision states the Court's reasons for concluding that U.S. Bank is not entitled to enforce the Note, and therefore the mortgage, under New York law.  It also states why the Debtors' request under 11 U.S.C. § 506(d) is too broad and that the proper relief under that section is to declare U.S. Bank's lien on the Property void but not to declare void the original mortgage on the Property in the hands of any party other than U.S. Bank, its successors and assigns.

## Jurisdiction

The Court has jurisdiction over the Claim Objection pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), as a core proceeding under 11 U.S.C. § 157(b)(2)(B) that the Court may determine by a final order under the United States Constitution because it involves the core bankruptcy function of the allowance or disallowance of claims and liens against the Debtors' estate.

## Discussion

**1. Burden of Proof.**  A shifting burden of proof applies to objections under 11 U.S.C. § 502(b)(1) to proofs of claim in bankruptcy cases.  Under Fed. R. Bankr. P. 3001(f), a proof of claim that complies with the Bankruptcy Rules constitutes prima facie evidence of the validity and amount of the claim.  Here, Proof of Claim No. 16-1 conforms to the official claim form and attaches the supporting documents -- the Note, mortgage, and evidence of recordation -- required by Fed. R. Bankr. P. 3001(c), thus entitling it to a presumption of validity.  The Debtors therefore must come forth with evidence that if believed would refute at least one of the allegations essential to the claim under applicable law.  Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. BAP 2000); In re Minbatiwalla, 424 B.R. 104, 111-12 (Bankr. S.D.N.Y.

4

2010). This would shift the ultimate burden of proof to U.S. Bank (to the extent applicable non-bankruptcy law places the burden on the claimant). In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida Ltd., 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010).

  **A. U.S. Bank's Standing to Enforce the Note and Mortgage.** Under New York law, which, based on the place of execution of the Note and of the Property,[4] governs the Claim Objection, U.S. Bank would have an allowed secured claim in this case if it is the proper holder or transferee entitled to enforce the Note.[5] Under New York law, "once a promissory note is transferred from assignor to assignee, the mortgage passes as an incident to the note." In re Idicula, 484 B.R. 284, 288 (Bankr. S.D.N.Y. 2013) (internal quotations omitted). See also Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d 355, 361 (2015) ("A transfer in full of the obligation automatically transfers the mortgage as well unless the parties agree that the transferor is to retain the mortgage.").

  If U.S. Bank lacks standing to enforce the Note, on the other hand, its claim would be disallowed for all purposes, including as a secured claim. In re Idicula, 484 B.R. at 288; GRP Loan, LLC v. Taylor, 95 A.D.3d 1172, 1173, 945 N.Y.S.2d 336 (2d Dep't. 2012) ("Where the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief."). See also Bank of New York Mellon v. Lane (In re Lane), 589 B.R. 399, 407-08 (BAP 9th Cir. 2018) ("In the context of a claim objection under § 502(b), the question of whether standing is a substantive or procedural objection has been addressed by only a few

---

[4] The Note also is labelled a "New York Fixed Rate Note," and paragraph 16 of the mortgage specifies New York choice of law. See exhibits to Proof of Claim No. 16-1.

[5] The Bankruptcy Code defines a "claim" broadly as, among other things, "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured." 11 U.S.C. § 101(5)(A).

5

courts. However, those courts are unanimous in stating that it is a substantive objection under § 502(b)(1), which provides that a claim may be disallowed to the extent it is unenforceable against a debtor under any applicable law, including state law."). Here, the Debtors challenge U.S. Bank's standing based on their allegation that it is not a proper holder or transferee entitled to enforce the Note. In light of the facts previously summarized, the Debtors have shifted the burden of proof to U.S. Bank.

There are two recognized ways to transfer a note under New York law: by written assignment and by proof of delivery of possession. In re Benyamin, 587 B.R. 243, 246 (Bankr. S.D.N.Y. 2018). See also GRP Loan, LLC v. Taylor, 95 A.D.3d at 1173; U.S. Bank, N.A. v. Collymore, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578 (2d Dep't 2009).[6] Here, U.S. Bank does not rely on a written assignment, including the MERS Corporate Assignment of Mortgage, but, rather, the fact that it possesses the Note.

Although the terms "transfer," "owner," and "holder" can sometimes be muddied in the case law in this context, mere possession does not give a party the right to enforce a note and mortgage under New York law, however. New York law is clear that a party can establish itself as the "holder" of a negotiable instrument[7] entitled to enforce it _if_ it complies with NY U.C.C. § 3-202(1), which provides,

> Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.

---

[6] There continues to be some uncertainty as to whether one can be a transferee solely by assignment without possession. Compare Arnold v. First Citizens Nat'l Bank, 217 F. Supp. 3d 696, 705 (W.D.N.Y. 2016), aff'd on other grounds, Arnold v. First Citizens Nat'l Bank, 693 Fed. Appx. 62 (2d Cir. 2017), and Bank of N.Y. Mellon v. Deane, 41 Misc. 3d 494, 504-506, 970 N.Y.S.2d 427 (Sup. Ct. Kings Cty. 2013). This issue is not before the Court.

[7] The Note is a negotiable instrument under NY U.C.C. § 3-104. See Mortgage Elec. Registration Sys., Inc. v. Coakley, 41 A.D.3d 674, 838 N.Y.S.2d 622 (2007).

6

See also NY U.C.C. § 1-201(21), defining "holder" of a negotiable instrument as, to the extent here relevant, "(A) a person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Importantly, a "holder" of an instrument, whether or not he is the owner, may transfer or negotiate it and, except as not relevant here, on payment or satisfaction, discharge it or enforce payment it its own name. NY U.C.C. § 3-301. Thus U.S. Bank would clearly be entitled to enforce the Note under NY U.C.C. §§ 1-201(21), 3-202(1) and 3-301 if the Note were specifically indorsed by the prior owner, First Meridian to U.S. Bank and U.S. Bank possessed the Note (which is not the case here, as the Note is not specifically endorsed by First Meridian to U.S. Bank) or if it possessed the Note indorsed in blank by First Meridian (as U.S. Bank argues is the case here based on the Allonge). See generally, Arnold v. First Citizens Nat'l Bank, 693 Fed. Appx. at 64.

Unfortunately for U.S. Bank, however, the Allonge is not firmly affixed to the Note as required by NY U.C.C. § 3-202(2) and, therefore, U.S. Bank does not qualify as a "holder" under NY U.C.C. § 3-202(1). See Hilton v. U.S. Bank (In re Hilton), 544 B.R. 1, 10-11 (Bankr. N.D.N.Y. 2016) ("While this language sets no specific outer-bounds for the definition of 'affixed,' it is clear that in this case, because the allonge is not at all touching or connected to the note, it does not fall within the UCC's contemplation. Due to this defect, . . . Defendant-Trustee is not a holder by virtue of its possession of a properly indorsed negotiable instrument, but is instead in possession of a note payable to the order of [the original payee]. This, in and of itself, is insufficient to prove Defendant-Trustee's holder status."). (Citations omitted.)

It is possible, however, that U.S. Bank also could establish its right to enforce the Note as a transferee from a "holder" without the Note being specifically indorsed to it or indorsed in blank. As noted by the Second Circuit, "The UCC also permits the transfer of a negotiable

7

instrument, which 'vests in the transferee such rights as the transferor has therein.' N.Y. U.C.C. § 3-201(1). However, New York's version of the UCC does not clearly define the mechanism for a valid 'transfer'" other than to a "holder" under NY U.C.C. §§ 3-202(1) and 3-301. Arnold v. First Citizens Nat'l Bank, 693 Fed. Appx. at 64. Nevertheless, NY U.C.C. § 3-201(1) appears to contemplate transfers of notes by, and therefore to, those who both "holders" and nonholders. See also, Official Uniform Comment 1 to NY U.C.C. § 3-201: "The section applies to any transfer, whether by a holder or not."

Some courts have filled in the enforceability gap not just by relying on another written agreement, as did the Second Circuit in Arnold, id. at 6 (loan agreements to the lenders), but by holding that, with proper proof, mere possession -- although not enough without a proper indorsement to establish prima facie standing[8] -- can establish not only the transfer of ownership of a note but also the ability to enforce it and the related mortgage, as discussed below. But see CIT Bank, N.A. v. Ji Youn Min, 2016 U.S. Dist. LEXIS 102694, at *10 (S.D.N.Y. Aug. 3, 2016) ("Physical delivery of the note must be accompanied by a dated allonge or indorsement in blank on the face of the note."); Caraballo v. Homecomings Fin., 2014 U.S. Dist. LEXIS 69942, at *15 (S.D.N.Y. May 21, 2014) ("[P]hysical possession of the Note is sufficient to transfer mortgage rights under only limited circumstances: where there is an allonge or indorsement in blank on the face of the Note, . . . [or possession by the holder to whom the Note was specifically indorsed.]"); 1077 Madison St., LLC v. Smith, 2015 U.S. Dist. LEXIS 135025, at *18 (E.D.N.Y. Aug. 27, 2015) ("Nevertheless, it does not follow that physical possession of the note necessarily

---

[8] See U.S. Bank Natl. Assn. v. Steinberg, 42 Misc. 3d 1201(A), 984 N.Y.S.2d 635 (Sup. Ct. Kings. Cty. 2013) ("A party cannot prove prima facie standing to foreclose by claiming mere possession of a note, since UCC 'holder' status and standing to foreclose is premised on negotiation by means of the lender's (or prior note holder's indorsement and physical delivery of the negotiable instrument.") (Emphasis in the original.); Hilton v. U.S. Bank (In re Hilton), 544 B.R. at 11 n. 11 ([I]f a foreclosing entity's holder rights are not evidenced on the face of their note, to prove their prima facie holder or ownership status, the foreclosing party must offer extrinsic evidence to prove that the entity from whom they actually received the note actually owned it.").

8

establishes standing. Physical possession of a note is sufficient <u>where there is an indorsement in blank on the face of the Note.</u>") (emphasis in original; internal quotations omitted), <u>adopted by</u> 2015 U.S. Dist. LEXIS 134173 (E.D.N.Y. Sept. 30, 2015), <u>aff'd</u> 2016 U.S. App. LEXIS 21656 (2d Cir. Dec. 5, 2016).

Two courts have addressed in detail the grounds for enforcing an improperly indorsed note based on possession: <u>Hilton v. U.S. Bank</u> (<u>In re Hilton</u>), 544 B.R. at 1, and <u>Bank of N.Y. Mellon v. Deane</u>, 41 Misc. 3d 494, 970 N.Y.S.2d 427 (Sup. Ct. Kings Cty. 2013). As noted above, in <u>Hilton</u> the claimant lacked a proper allonge and therefore did not satisfy NY U.C.C. §§ 1-201(21), 3-203(1) and 3-301 to be a "holder." <u>Id.</u> at 10-11. Nevertheless, the court observed that "[t]oday, in the context of determining the proper form of an assignment of ownership rights in a mortgage note, courts unfailingly state that an assignment may be effectuated by either a written assignment of the underlying note or the physical delivery of the note." <u>Id.</u> at 12 (internal quotation and citations omitted). Moreover, "[c]ertain courts have expanded this definition and held that physical delivery does not only constitute a proper assignment of ownership rights, but that it also serves to transfer holder rights pursuant to N.Y. U.C.C. § 3-201." <u>Id.</u> (citations omitted). Relying on the foregoing, as well as NY U.C.C. §§ 1-103(b),[9] and 3-603(2),[10] as well as Official Uniform Comment 8 to NY U.C.C. § 3-201,[11] Judge Littlefield

---

[9] NY U.C.C. § 1-103(b) provides, "Unless displaced by the particular provisions of this act, the principles of law and equity . . . supplement its provisions." That is, it permits gap-filling where the U.C.C. does not wholly displace the subject matter.

[10] NY U.C.C. § 3-603(2) provides, "Payment or satisfaction may be made with the consent of the holder by any person including a stranger to the instrument. Surrender of the instrument to such a person gives him the rights of a transferee (Section 3-201)." That is, the NY U.C.C. acknowledges that surrender of an instrument, at least to one who has paid or satisfied it, will give such person the rights of a transferee under NY U.C.C. § 3-201.

[11] Official Uniform Comment 8 to NY U.C.C. § 3-201 states, "[T]he transferee without indorsement of an order instrument is not a holder and so is not aided by the presumption that he is entitled to recover on the instrument provided in Section 3-307(2). The terms of the obligation do not run to him, and he must account for his possession of the unendorsed paper by proving the transaction through which he acquired it. <u>Proof of a transfer to him by a holder is proof that he has acquired the rights of a holder and that he is entitled to the presumption.</u>" (Emphasis

9

concluded that if a party in possession of a mortgage note establishes its acquisition of the note from a proper holder under NY U.C.C. § 1-201(21), it, too, is entitled to the rights of a holder to enforce the note. Id. at 12-13.

In Bank of N.Y. Mellon v. Deane, the foreclosing plaintiff, Bank of N.Y. Mellon, asserted standing based on its possession of a note specifically indorsed to another institution, JPMorgan Chase Bank, N.A. 41 Misc. 3d at 497-98.[12] Like the Hilton court, Deane starts its analysis by discussing the rights of a "holder" under NY U.C.C. §§ 1-201(21) and 3-202(1). Id. at 499. The court concludes, though, that one "need not be the holder of an instrument in order to be a person entitled to enforce it." Id. at 500. As in Hilton, it reaches this conclusion in part by citing various New York courts' general statements that physical delivery of a note suffices to transfer the note. Id. at 502.[13] It also relies in large part on a version of the U.C.C. that is not, however, enacted in New York -- citing to Revised U.C.C. § 3-203(a), which provides, "An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument," id. at 500, and Revised U.C.C. § 3-301(ii), which provides that "a nonholder in possession" of the instrument may under certain circumstances have the rights of a "holder." Id. Also as in Hilton, the court in Deane notes that the NY U.C.C. uses the term "transfer" of a negotiable instrument in § 3-201 that is not necessarily a "negotiation" to a "holder" under NY U.C.C. § 3-202, and states that the

---

added.). NY U.C.C. § 3-307(2) states that "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

[12] The plaintiff also relied on a purported assignment of the note, but the court determined that the language relied on did not constitute an assignment. Id. at 498, 506.

[13] See, e.g., Homecomings Fin., LLC v. Guldi, 108 A.D.3d, 506, 508-09, 969 N.Y.S.3d 470 (2d Dep't. 2013); Deutsche Bank Nat'l. Trust Co. v. Barnett, 88 A.D.3d 636, 638, 931 N.Y.S.2d 630 (2d Dep't. 2011); GRP Loan, LLC v. Taylor, 95 A.D. 3d at 1173; Flyer v. Sullivan, 284 A.D. 697, 699, 134 N.Y.S.2d 521 (1st Dep't. 1954). See also Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d at 361 ("The physical delivery of the note to the plaintiff from its owner . . . may, in certain circumstances, be sufficient to transfer the mortgage obligation and create standing to foreclose.").

New York common law of assignment can apply to such a transfer, including assignment by physical delivery. Id. at 501, citing Blake v. Weiden, 291 N.Y. 134, 139 (1943) ("No reason appears why the misguided use of an indorsement form should put the purported indorsees entirely outside the protection of the courts. Surely there was in this case at least a constructive delivery of the note to the three beneficiaries of the estate and, that being so, the transferees would have taken title to the instrument or to the chose in action without any written words of transfer at all.").

These cases have a certain logic and an underlying policy appeal (as shown by their references to the Revised U.C.C. sections not adopted in New York but adopted by the majority of states), although their statutory support in various provisions of the NY U.C.C. is only tangential. Perhaps more persuasively, they also rely on the statement in scores of opinions applying New York law that a plaintiff has standing to enforce a mortgage where it is either "the holder or assignee of the underlying note" and "[e]ither a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." See, e.g., DLJ Mtge. Capital, Inc. v. Sosa, 153 A.D.3d 666, 667-68, 60 N.Y.S.3d 2778 (3d Dep't. 2017) (citations omitted). As discussed above, the term "holder" has a specific definition under the N.Y. U.C.C. tied to proper indorsement, but when referring time and again to physical delivery of the note being sufficient to transfer the obligation, the New York cases routinely do not add the condition that the note be properly indorsed. Moreover, at least some do not discuss indorsement at all and thus at least implicitly stand for the proposition that merely proper proof of possession establishes the ability to enforce a note and mortgage. See, e.g., id.; Bank of N.Y. Mellon Trust Co. v. Sachar, 95 A.D.3d 695, 943 N.Y.S.2d 893 (1st Dep't. 2012); see also cases cited in n. 13 hereof.

11

On the other hand, it is clear from many opinions employing the foregoing "possession" language that the plaintiff had in addition established its "holder" status with a properly indorsed note, see JPMorgan Chase Bank, Natl Assn. v. Verderose, 154 A.D.3d 1198, 1200, 63 N.Y.S.3d 79 (3d Dep't. 2017); Deutsche Bank Natl Trust Co. v. Logan, 146 A.D.3d 861, 862, 863, 45 N.Y.S.3d 189 (2d Dep't. 2017) ("[T]here is simply no requirement that an entity in possession of a negotiable instrument that has been indorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it.") (emphasis added); and Deutsche Bank Natl Trust Co. v. Monica, 131 A.D.3d 737, 738-39, 15 N.Y.S.3d 863 (3d Dep't. 2015), or had shown that it was an authorized agent of a holder with a proper indorsement. Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d at 359.  One would expect, moreover, that the appellate courts would explain the basis and parameters of a gap-filling rule that an improperly endorsed note and mortgage are enforceable by mere possession before adopting it.

In any event, under the present facts, the Court does not need to delve further into how to apply these precedents, because even under the Hilton and Deane analyses, if a note is claimed to be transferred merely by delivery of possession -- that is, without a proper indorsement -- the claimant must show that it came "from a person entitled to enforce [the note], for the purpose of giving the plaintiff the right to enforce it." Bank of N.Y. Mellon v. Deane, 41 Misc. 3d at 506, relying in large measure on the NY U.C.C.'s definition of "delivery": "'Delivery' . . . with respect to an instrument . . . means voluntary transfer of possession," N.Y. U.C.C. § 1-201(15), combined with N.Y. U.C.C. § 3-201(1).  Or, as stated by In re Hilton, lacking a proper indorsement the claimant "must offer extrinsic evidence to prove that the entity from whom they received the note actually held or owned it," 544 B.R. at 11 n. 11, and "trace the note's chain of custody from their receipt back to the last individual who held the note pursuant to N.Y. U.C.C.

12

§ 1-201(21)." Id. at 12.  See also U.S. Bank Natl Assn. v. Steinberg, 42 Misc. 3d 1201(A), 984 N.Y.S.2d 635 (Sup. Ct., Kings Cty. 2013).  Here, U.S. Bank has provided no evidence of how or from whom it received and has held the Note, either by the deadline set by the Bankruptcy Rules and Local Bankruptcy Rules to respond the Claim Objection, by the Court's extension of that deadline to three-and-a-half months after the Claim objection was filed, or by the final hearing, another three months later, and despite the Court's warning at the initial hearing on May 23, 2018 that it would need to introduce such evidence.  Compare In re Hilton, 544 B.R. at 12 (claimant showed possession of original note and a loan schedule referencing the underlying loan and its electronic records of transfer: note enforceable); Bank of N.Y. Mellon v. Deane, 41 Misc. 3d at 507-08 (no evidence of delivery to plaintiff from prior holder with right to enforce note: note unenforceable); see also Loancare, a Div. of FNF Servicing Inc. v. Coleman. 46 Misc. 3d 1225(A), 9 N.Y.S.3d 593 (Sup. Ct., Kings Cty. 2015) (note unenforceable: "In sum, plaintiff offered no factual details as to by whom or by which entity physical delivery of the note was made to it.").  Even where a loan was properly indorsed to a lender who gave its servicer authority to act on its behalf by a limited power of attorney (and, in addition, the defendants never requested discovery), the New York Court of Appeals required a records custodian's affidavit that attested to first hand examination with attachments showing the note's chain of ownership. Aurora Loan Servs., LLC v. Taylor, 25 N.Y.3d at 362. See generally 1077 Madison St., LLC v. Smith, 670 Fed. Appx. 745, 747 (2d Cir. 2016) (affirming grant of summary judgment to defendant against plaintiff who only produced the underlying note without a proper indorsement). Under the circumstances, therefore, U.S. Bank has not established by a preponderance the evidence that it is entitled to enforce the Note, and therefore the underlying mortgage, and thus Claim No. 16-1 should be disallowed and expunged.

**B. Scope of 11 U.S.C. § 506(d).** With exceptions not applicable here, 11 U.S.C. § 506(d) provides, "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void." In light of the disallowance of Claim No. 16-1, the Debtors seek an order under that section declaring the mortgage lien on the Property void. This request is overbroad, however, for two reasons.

First, the plain language of section 506(d) states that the lien is void "[t]o the extent that" it secures a claim that is not an allowed secured claim. Claim No. 16-1 is a secured claim asserted only by U.S. Bank: the Court has not disallowed any claim by any other possible holder of a lien on the Property. Thus the lien should be declared void only as to U.S. Bank and its successors and assigns' asserted interests in the Property. The lien of parties who did not file a proof of claim, to the extent valid and enforceable, would ride through this chapter 13 case notwithstanding such failure to file. Dewsnup v. Timm, 502 U.S. 410, 417 (1992); In re Leitner, 221 B.R. 502, 506 (Bankr. D. Neb. 1998) ("[E]ven if counsel fails to file a proof of claim, the mortgage will not be avoided under § 506(d).")

Second, as discussed by Judge Brand in Bank of New York Mellon v. Lane (In re Lane), 589 B.R. at 399, there appears to be a valid lien on the Property, just not one enforceable by U.S. Bank, but "the 'true' lienholder never subjected itself to the bankruptcy court's jurisdiction." Id. at 411. By declaring void the lien of a party not before it, the Court would violate the party's right to due process. Id.

Of course, this ruling does not preclude the Debtors from pursuing a recognized collective action to quiet title.

**Conclusion**

For the foregoing reasons, the Claim Objection should be granted with the exception that the lien on the Property will be declared void only as to the claimed interest therein of U.S. Bank and its successors and assigns.

Dated: White Plains, New York
October 31, 2018

/s/ Robert D. Drain
United States Bankruptcy Judge

15