UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JACK PINNOCK<br>and MAZIE H. PINNOCK,<br><br>          Debtors. | Case No.:16-23508(RDD)<br><br>**AFFIDAVIT OF**<br>**<u>DIANE WEINBERGER</u>** |

STATE OF UTAH,
COUNTY OF SALT LAKE.

Diane Weinberger, being duly sworn deposes and says:

1. I am a Document Control Officer of Select Portfolio Servicing, Inc. ("SPS")[1], the servicer of the Loan (as defined below) that is the subject of this action, and the attorney-in-fact for U.S. Bank National Association as Trustee, ("U.S. Bank") on Behalf of the Holders of CSMC Mortgaged-Backed Pass-Through Certificates, Series 2007-1 (the "Trust").

2. I submit this affidavit in support of U.S. Bank's motion pursuant to 11 U.S.C. § 502(j) and Fed. R. Bankr. P. 3008 and 9024 for reconsideration of the Court's order, dated October 31, 2018, pursuant to 11 U.S.C. § 502(b)(1) and 11 U.S.C. § 506(d), disallowing and expunging U.S. Bank's Proof of Claim and holding that the mortgage lien alleged to secure U.S. Bank's claim is void and unenforceable by U.S. Bank, its successors and assigns.

3. In the regular performance of my job functions, I have had access to, am familiar with and have knowledge of, the business records relating to the history, administration and collection activities (the "Records") applicable to the Loan. These Records were made at or near the time of the actions or events they reflect by, or from information transmitted from, a person with knowledge of the subject transaction. The Records are and have been maintained in the regular course of SPS' business and it is the regular course of SPS' business to make and maintain such records and to rely on them in the ordinary course of its business.

4. I have personal knowledge of the manner in which the Records were created and kept, and I have personal knowledge of SPS' record-keeping practices and procedures. I have reviewed and relied upon the Records contemporaneously created and regularly maintained and utilized by SPS in the ordinary course of its business, and for this Loan specifically, in executing this affidavit. Additionally, the documents appended hereto are true and accurate copies of the originals thereof and were all maintained and reproduced in the regular course of SPS' business.

5. To the extent that the records were created by the Loan originator or created to affect transfer of the Loan documents to U.S. Bank, such records were integrated and boarded into SPS' business record keeping systems pursuant to its role as servicer and attorney in fact for U.S. Bank, such that the said records concerning the

---

[1] SPS was appointed the Loan servicer and attorney-in-fact for U.S. Bank pursuant to the PSA (defined below) dated January 1, 2007. A Power of Attorney from U.S. Bank authorizing SPS to act on its behalf as servicer is attached as **Exhibit 1**.

Loan are now part of SPS' business records. SPS maintains quality control and verification procedures as part of the boarding process to ensure the accuracy of the boarded records. It is SPS' regular practice to integrate such records into SPS' business records, and to rely upon the accuracy of those boarded records in providing its loan servicing functions. Such Loan records are integrated and relied upon by SPS in the regular course of its business.

6. Unless stated otherwise, I make this affidavit based on my personal knowledge and review of these regularly made and maintained Records of SPS in my possession or subject to my control.

## THE LOAN DOCUMENTS

7. To evidence a loan (the "Loan") that First Meridian Mortgage, A Limited Liability Company ("First Meridian"), extended to debtor Jack Pinnock ("Borrower"), Borrower executed and delivered to First Meridian a Note, dated October 20, 2006, whereby he agreed to pay to the order of First Meridian the sum of $320,000.00 (the "Note"), together with all applicable interest thereon, in monthly installments as set forth in the Note. A copy of the Note is attached hereto as **Exhibit 2**.

8. To secure repayment of all sums payable pursuant to the Note, Debtors executed, acknowledged and delivered to Mortgage Electronic Registration System, Inc., as nominee for First Meridian, a Mortgage dated October 20, 2006 (the

"Mortgage", together with the Note as the "Loan Documents") encumbering real property commonly known as 2848 Sedgwick, Bronx, New York 10552.

9. The Mortgage was recorded in the Office of the City Register of the City of New York on January 26, 2007 under CRFN 2007000050891 and the mortgage recording tax was duly paid. A copy of the Mortgage is attached as **Exhibit 3**.

## U.S. BANK IS THE OWNER AND HOLDER OF THE LOAN DOCUMENTS

10. U.S. Bank is the owner and holder of all of the Loan Documents, including the Note, as secured by the Mortgage.

11. On May 1, 2006, Meridian Residential Capital, LLC d/b/a First Meridian Mortgage, LLC ("Meridian Residential") and DLJ Mortgage Capital, Inc. ("DLJ Mortgage") entered into the Amended and Restated Seller's Purchase, Warranties and Interim Servicing Agreement, dated May 1, 2006, (the "Purchase Agreement"). The Purchase Agreement facilitated DLJ Mortgage's purchase of existing and future residential mortgage loans originated by Meridian Residential d/b/a First Meridian. A copy of the Purchase Agreement is attached as **Exhibit 4**.

12. The Purchase Agreement identifies Meridian Residential as the "Seller" and DLJ Mortgage as the "Purchaser". Id. at p.1.

13. Pursuant to Section 2.01 of the Purchase Agreement, "the Seller agrees to sell and the Purchaser agrees to purchase on each Closing Date pursuant to this Agreement...the Mortgage Loans being sold by the Seller and listed on the Mortgage Loan Schedule...The Seller shall deliver in an electronic format the Mortgage Loan Schedule for the Mortgage Loans to be purchased on such Closing Date..." Id. at p.17.

14. DLJ Mortgage purchased the Loan from Meridian Residential pursuant to the Purchase Agreement. The Mortgage Loan Schedule Transfer Report for Meridian Residential's sale of the Loan to DLJ Mortgage is attached as **Exhibit 5**.

15. Thereafter, on January 1, 2007, DLJ Mortgage entered into an Assignment and Assumption Agreement ("AAA") with Credit Suisse First Boston Mortgage Securities Corp. ("Credit Suisse). A copy of the AAA is attached as **Exhibit 6**.

16. The AAA identifies DLJ Mortgage as the "Assignor" and Credit Suisse as the "Assignee". Id. at p. 1.

17. Paragraph 1 of the AAA states that "the Assignor hereby grants, transfers and assigns to Assignee all of the right, title and interest of Assignor, as Purchaser, in, to and under (a) those certain Mortgage Loans listed in Exhibit A attached hereto...". Id.

18. Exhibit A to the AAA, attached after the signature page, states,

> **"Mortgage Loan Schedule**
>
> **[Attached as Schedule I to the Pooling and Servicing Agreement]".**

Id.

19. Pursuant to the AAA, DLJ Mortgage transferred and assigned all of its right, title and interest in the Loan to Credit Suisse.

20. The Pooling and Servicing Agreement related to CSMC Mortgage Backed-Backed Pass-Throughdated January 1, 2007 ("PSA") designates: U.S. Bank National Association as the "Trustee" of the Trust; Credit Suisse as the "Depositor"; DLJ Mortgage as the "Seller" and; SPS as the "Servicer, Special Servicer and Modification Oversight Agent." See PSA cover page and definition section. A copy of the PSA is attached as **Exhibit 7**.

21. Section 2.01(a) of the PSA states that, "the Depositor hereby sells, transfers, assigns, delivers, sets over and otherwise conveys to the Trustee in trust for the benefit of the Certificateholders, without recourse, the Depositor's right, title and interest in and to (a) the Mortgage Loans listed in the Mortgage Loan Schedule..." Id. at p. 82.

22. A copy of the redacted Mortgage Loan Schedule ("MLS) listing the Loan is attached as **Exhibit 8**. The MLS is also the Mortgage Loan Schedule for the AAA.

23. Pursuant to the PSA, Credit Suisse transferred and assigned all of its right, title and interest in the Loan to U.S. Bank.

24. Subsequently, the original Note, along with the Mortgage, were delivered to SPS (in its capacity as servicer to the U.S. Bank), on December 1, 2013 at SPS's secure facility located in Salt Lake City, Utah.

25. SPS has not transferred the Loan Documents, and U.S. Bank has not sold, transferred or assigned its interest in the Loan Documents, including the original Note, and these documents have remained in SPS's vault since December 1, 2013 to the present[2].

26. U.S. Bank was and continues to be the owner and holder of the Note and the Loan was and continues to be an asset of the Trust prior to, and at the time of, the commencement of Debtors' Bankruptcy case, the filing of Debtors' motion objecting to U.S. Bank's Proof of Claim and the commencement of U.S. Bank's state court action to foreclose the Mortgage on December 29, 2014.

27. SPS retained substitute counsel for U.S. Bank on November 6, 2018 and authorized the filing of a Notice of Appeal to preserve its rights prior to the deadline.

---

[2] Since the commencement of the action the Loan documents were occasionally sent to U.S Bank's counsel and then returned to SPS.

28. Thereafter, SPS promptly sought to obtain from all necessary sources, including assignor institutions, the documents showing that the Loan, including the Note, was transferred from Meridian Residential d/b/a First Meridian to DLJ Mortgage, from DLJ Mortgage to Credit Suisse and from Credit Suisse to U.S. Bank.

29. SPS ultimately obtained a complete set of those documents on January 29, 2019 when it received The Mortgage Loan Schedule Transfer Report, included here as Exhibit 5.

*[Signature]*
[Name] Diane Weinberger
Doc Control Officer

Sworn to before me this
15th day of Feb, 2019 by Diane Weinberger, Document Control Officer *

*[Signature]*
Notary Public

\* Personally Known

GINA TOLMAN
Notary Public State of Utah
My Commission Expires on:
December 12, 2022
Comm. Number: 703662

8

UNIFORM FORM CERTIFICATE OF ACKNOWLEDGMENT

STATE OF Utah )
COUNTY OF Salt Lake ) ss:

On the 15 day of Feb, in the year 2019 before me, the undersigned, personally appeared Diane Weinberg, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the Salt Lake City, UT (Insert the city or political subdivision and the state or country or other place the acknowledgement was taken).

_____
Notary Public

GINA TOLMAN
Notary Public State of Utah
My Commission Expires on:
December 12, 2022
Comm. Number: 703662

CERTIFICATE OF CONFORMITY

STATE OF UTAH          )
COUNTY OF SALT LAKE    )

That the undersigned does hereby certify that he/she is an attorney-at-law duly admitted to practice in the State of Utah; that he/she is a person duly qualified to make this Certificate of Conformity pursuant to N.Y. Real Property Law § 299-a; that he/she does hereby certify that the acknowledgment attached hereto was made in the manner prescribed by the laws of the State of Utah and that the form of acknowledgment conforms to the laws of the State of Utah.

IN WITNESS WHEREOF, I have hereunto set my hand this 15 day of Feb., 20 19.

By: _____
Name: Robert K Engar
Title: attorney