UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JACK PINNOCK<br>and MAZIE H. PINNOCK,<br><br>          Debtors. | Case No.:16-23508(RDD)<br><br>**DECLARATION OF**<br>**BJ FINNERAN** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

    BJ Finneran, pursuant 28 U.S.C. §1746, states:

    1.  I am an attorney and of counsel to Zeichner Ellman & Krause LLP ("ZEK"), counsel to U.S. Bank National Association as Trustee, ("U.S. Bank")[1] on Behalf of the Holders of CSMC Mortgaged-Backed Pass-Through Certificates, Series 2007-1 (the "Trust").

    2.  I submit this declaration in support of U.S. Bank's motion pursuant to Section 502(j) and Rules 3008 and 9024 of the Bankruptcy Code for reconsideration, or in the alternative, modification of the Court's order, dated October 31, 2018, pursuant to 11 U.S.C. § 502(b)(1) and 11 U.S.C. § 506(d), disallowing and expunging U.S. Bank's Proof of Claim and holding that the mortgage lien alleged to secure U.S. Bank's claim is void and unenforceable by U.S. Bank, its successors and assigns.

---

[1] All defined terms will be the same as those used in the Affidavit of Diane Weinberger dated February 15, 2019 and this Court's Memorandum and Decision dated October 31, 2018 (the "Decision").

3. On December 29, 2014 U.S. Bank commenced an action to foreclose the Mortgage in Bronx County Supreme Court under Index Number 35991/2014E (the "Foreclosure Action").

4. On November 2, 2016 Debtors filed a Voluntary Chapter 13 Bankruptcy Petition (DE 1)(the "Bankruptcy Petition"). The Bankruptcy Petition is attached as **Exhibit 9**.

5. On March 9, 2017, U.S. Bank filed a Proof of Claim ("POC")(DE 16-1). The POC is attached as **Exhibit 10**.

6. Attached to the POC is an assignment of mortgage dated July 9, 2013, recorded on September 24, 2014 assigning the Mortgage "together with all moneys now owing or that may hereafter become due and owing..." from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for First Meridian to U.S. Bank (the "Assignment"). The Assignment is attached as **Exhibit 11**.

7. On February 13, 2018 Debtors filed an Objection to Claim objecting to the POC (the "Claim Objection") (DE 27). The initial hearing date for the Motion was May 23, 2018. The Claim Objection is attached as **Exhibit 12**.

8. In the Motion the Debtors asserted that U.S. Bank is not the holder of the Note and therefore did not have standing to enforce the Mortgage.

9. On May 23, 2018, this Court ordered U.S. Bank to submit opposition to the Motion by June 4, 2018.

10. U.S. Bank's counsel did not submit written opposition by June 4, 2018 and instead responded orally at the hearing for the Claim Objection on September 26, 2018 and brought the original Note and the Assignment to the Court for inspection.

11. On October 31, 2018 the Court issued the decision granting the Claim Objection (the "Decision") (DE 35). The Decision is attached as **Exhibit 13**.

12. On October 31, 2018, the Court issued an order, pursuant to 11 U.S.C. § 502(b)(1) and 11 U.S.C. § 506(d), disallowing and expunging U.S. Bank's Proof of Claim and holding that the mortgage lien alleged to secure U.S. Bank's claim is "void and unenforceable by U.S. Bank, its successors and assigns" (the "Order")(DE 36). The Order is attached as **Exhibit 14**.

13. U.S. Bank retained ZEK on November 7, 2018, seven (7) days before the deadline to appeal from the Order. On behalf of U.S. Bank, ZEK filed a Notice of Appeal of the Order on November 14, 2018 (DE 38) (the "Appeal"). The Notice of Appeal is attached as **Exhibit 15**.

14. On January 25, 2019, ZEK sent Debtors' counsel a stipulation to dismiss the Appeal (the "Stipulation"). Before the parties could file the fully executed Stipulation the District Court filed an order dismissing the Appeal on February 25,

2019. (DE 48). A copy of the order dismissing the Appeal and the Stipulation are attached as **Exhibit 16**.

15. A copy of the relevant payment history for the Loan is attached as **Exhibit 17**.

16. U.S. Bank's prior counsel has represented the following facts to the undersigned:

"At no time did the Firm [prior counsel] seek to obtain, from any source, documents sufficient to demonstrate the sales and transfers of the Note and Mortgage from First Meridian to DLJ Mortgage, from DLJ Mortgage to Credit Suisse and from Credit Suisse to U.S. Bank, as the firm had no knowledge or information as to the intermediary transfers given the assignment of mortgage recorded on September 24, 2013 from First Meridian to U.S. Bank."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2019

_____
BJ FINNERAN