**Linda M. Tirelli, Esq.**
**Tirelli Law Group**
**50 Main Street, Suite 1265**
**White Plains, N.Y. 10606**
**914-732-3222**
**LTirelli@TW-Lawgroup.com**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
IN RE:

**JACK PINNOCK and MAZIE PINNOCK,**

                         **DEBTORS.**
-------------------------------------------------------------X

Case No.  16-23508 (RDD)

Chapter 13

**OBJECTION TO MOTION**
**FOR RECONSIDERATION**

**NOW HERE COMES** Debtors, Jack Pinnock and Mazie Pinnock, by and through counsel, Linda M. Tirelli, Esq., and submit this Objection to the Motion for Reconsideration filed by U.S. Bank, respectfully setting forth as follows:

**PRELIMINARY STATEMENT**

      The motion for reconsideration filed by U.S. Bank essentially asks this Court to reverse itself --- to relieve U.S. Bank from the known consequences of its repeated seven-year long failure to produce evidence that it has standing to enforce the underlying Note despite being given multiple opportunities to do so --- and to further relieve U.S. Bank from having to meet the legal requirements imposed by New York law to qualify as the lawful holder of an enforceable instrument.  In fact, U.S. Bank seeks relief from a judgment that it appealed to the District Court, which dismissed said appeal because U.S. Bank failed to file its appellate brief.

      U.S. Bank is not entitled to the relief it seeks for two reasons.  First, U.S. Bank cannot establish excusable neglect --- repeated, multiple failures, over a seven-year time frame, to produce evidence is **deliberate and willful conduct**.   And, second, U.S. Bank **does not have a**

1

**meritorious defense** --- it lacks standing to enforce the underlying Note because it has failed to produce evidence that it is the holder of said instrument.

Indeed, if this Court is going to afford any party relief, then it should be the Pinnocks, via an Order denying the motion of U.S. Bank, in toto, and awarding them damages for having to defend against the instant frivolous motion, which reeks of bad faith and gamesmanship.

## RELEVANT HISTORICAL AND PROCEDURAL UNDERPINNINGS

1. The Order and Memorandum Decision entered by this Court on October 31, 2018 (attached hereto as "**Exhibit A**"), lies at the center of the controversy fabricated by U.S. Bank to get another bite at the apple. Therein, this Court disallowed and expunged the proof of claim filed by U.S. Bank, holding that it was not entitled to enforce the underlying Note because it had failed to prove standing; explaining that U.S. Bank had been given multiple opportunities, spanning over seven-years, and during the course of various proceedings in two bankruptcy cases, to produce evidence that it possessed said Note by valid transfer or assignment, but had failed to do so despite having granted request after request for adjournments.[1]

2. At all times relevant hereto, the Pinnocks owned and continue to own certain real property located at: 2848 Sedgwick Avenue in Bronx County, in Bronx, New York ("the Property").

3. On or about October 25, 2011, Mr. Jack Pinnock was a debtor in a Chapter 11 case (Case No. 11-22011) and placed on the docket of this Court; said filing was subsequently converted to a Chapter 7 case. During the course of said Chapter 7 case, U.S. Bank claimed to be a creditor and filed a Motion for Relief from Automatic Stay so that it could return to state court and proceed to foreclose on the Property. The image of the promissory note attached to that motion

---

[1] Exhibit A at 13.

2

originated with First Meridian Mortgage, a Limited Liability Company, and was not further indorsed.

4.  Despite the fact that neither the Debtor nor the Trustee objected to U.S. Bank's motion for relief from stay, this Court denied same, holding that U.S. Bank did not have standing because it had failed to produce evidence that it was the holder of a valid and enforceable interest in the Property (Decision attached hereto as "**Exhibit B**").  During the final motion hearing held on December 4, 2012 (transcript attached hereto as "**Exhibit C**"), this Court admonished U.S. Bank's counsel for having failed to produce evidence of standing, despite repeated demands for production and having been given multiple opportunities, including several adjournments, to do so.

> **THE COURT**: All right. Well, you don't have standing.  I'm sorry.  You don't have standing for relief of the stay. You -- I gave you six months to fix this, and this is what I get. The motion is denied. You can refile. You will not charge the debtor any fee for this. And you can submit the right documents. * * *[2]

5.  U.S. Bank did not appeal the Order and Decision of this Court entered on December 10, 2012.

6.  On October 23, 2013, this Court entered an Order of Discharge in Mr. Pinnock's Chapter 7 case.

7.  Approximately three years later, on or about November 2, 2016, the Pinnocks commenced the instant Chapter 13 bankruptcy case.

8.  On November 2, 2016, they filed their plan and served same on all creditors, none of which, including U.S. Bank, attended the 341(a) meeting held on December 9, 2016.

---

[2]  Exhibit C at Pgs. 3-4.

9. On March 9, 2017, the bar date for filing claims, U.S. Bank filed its claim ("Claim No. 16 attached hereto as "**Exhibit D**"). Notably, an Allonge not presented in Mr. Pinnock's 2011 Chapter 7 case was now included with the filing of Claim No. 16.

10. On or about February 13, 2018, the Pinnocks objected to Claim No. 16, arguing, <u>inter alia</u>, that: (1) the Allonge was not proper pursuant to N.Y. U.C.C. § 3-202(2) because it was not firmly affixed to the purported Note <u>nor</u> had it been attached, in any form, to the Note proffered by U.S. Bank in support of the Motion for Relief from Stay filed in Mr. Pinnock's prior bankruptcy case; (2) the Allonge and purported assignment were fraudulent because same were prepared by the Richmond Monroe Group, which was in the business of creating instrument documentation to plug up any holes created through unlawful and invalid transfers; and (3) MERS had no authority to assign the underlying Note to U.S. Bank (Objection attached hereto as "**Exhibit E**").

11. Despite the passage of time, U.S. Bank did not file a response to the Pinnocks' Objection.

12. On May 23, 2018, this Court held a hearing on the Pinnocks' Objection (transcript attached hereto as "**Exhibit F**"). Thereat, counsel for U.S. Bank requested an adjournment to respond, although he could not explain why a response had not been filed within the preceding three and a half months. Nonetheless, this Court granted counsel's request, and set a new hearing date for June 4, 2018.[3] This Court further advised counsel on the record as follows:

> **COURT**: But I want a sworn statement explaining the facts on the allonge, under penalty of perjury, by a document custodian that will stand up as evidence. If they can't do that, they should throw in the towel. This is really serious. I mean, these are very serious allegations that are made. I had a lift stay motion that did not include this allonge, which supposedly was stapled to the document, and yet the lift stay motion was filed without it. And I raised it

---

[3] Exhibit F at Pg. 4 (trans).

in three hearings, giving the lender a chance to show me their standing, which they didn't do. So they need to treat this as bank fraud. That's serious. Okay?[4]

Counsel for U.S. Bank confirmed understanding.

13. After several additional adjournments, this Court ultimately held the hearing on September 26, 2018 (transcript attached hereto as "**Exhibit G**"). Threat, counsel for U.S. Bank appeared, touting the purported Allonge in one hand and the alleged Note in the other. The following exchange also took place:

> **U.S. BANK COUNSEL:**[5] I'm in possession of the original (indiscernible) Your Honor (indiscernible).
> **COURT**: Okay. Thanks. Well, the note itself doesn't have an endorsement, but there's an allonge with it.
> **MS. TIRELLI**: Yes, Your Honor. But the allonge is not physically attached, as required in the UCC, permanently affixed so as to become part of the document. It's not affixed. Your Honor. It also was not present in the 2012 bankruptcy case, despite Your Honor —
> **COURT**: Right.
> **MS. TIRELLI**: I believe you gave the bank three times to come back with an endorsement for the note, and they did not.
> **COURT**: Right. But that's where we were in May. I understand that point. So — you can take this back. So, what is the — is there any opposition to the claim objection at this point?
> **U.S. BANK COUNSEL**: The secured creditor (indiscernible) an affidavit of possession from the custodian (indiscernible) address that particular issue with the (indiscernible). We're not —
> **COURT**: But I don't have an affidavit.
> **U.S. BANK COUNSEL:** No, that's not the point, Your Honor. We don't -- we were (indiscernible) to have an affidavit to hind of explain the difference between the 2012 motion for relief and the allonge being (indiscernible) today.
> **COURT**: Right.
> **U.S. BANK COUNSEL**: We haven't received the affidavit back. We sent it to the client for signature (indiscernible) —
> **COURT**: Well, maybe they can't sign it over four months because it's not true. I mean, they can't sign it because they can't sign it. I mean, how long is this supposed to...? I mean, we were here May 23rd and it was originally adjourned

---

[4] Exhibit F at Pg. 4, lines 15-25; Pg. 5, line 1.
[5] Referred to throughout the transcript as "MAN" or "MAN 1."

to July 11th, saying I need evidence, and now it was adjourned today to September 26th, four months later, and I still don't have evidence.

**U.S. BANK COUNSEL**: The only thing that (indiscernible) the original note has the allonge to it, and now it's (indiscernible) into evidence today. It's just that the accompanying affidavit (indiscernible) addressing the issues that exist (indiscernible).

**COURT**: But what is the — I mean, but it's not a (indiscernible). I don't even know what the affidavit is because I don't have it. But –

**U.S. BANK COUNSEL**: In summary. Your Honor, (indiscernible) they reviewed this record and they (indiscernible) in possession of the note (indiscernible) at the time the (indiscernible) was filed, in addition to the (indiscernible).

**COURT**: But being in physical possession doesn't count if it's not endorsed to them. They're not a holder unless it's endorsed to them. Holder doesn't mean I hold it in my hand, in other words. Right? I mean —

**MS. TIRELLI**: Your Honor has ruled on this before and it was upheld by the District Court.

**COURT**: Yeah, I just don't — I mean, I think there's been enough time. I don't even — I don't even have... Basically, what you're telling me, this affidavit, which the person's not willing to sign after four months, is going to say that we possess the note, but I you have it in your hand. You possess it too. But that's not legally, that's not the key — that's not enough.

**U.S. BANK COUNSEL**: (indiscernible) there's an allonge to the note —

**COURT**: But it's not attached. And it's a copy, right?

**U.S. BANK COUNSEL**: No, this is the original.

**COURT**: Can I see it again? It's not stamped original. The original is stamped on the third page, before the allonge.

* * * *

**COURT**: Well, they could have done that before they filed the proof of claim. They haven't done it. I'm going to grant the claim objection.

**MS. TIRELLI**: Thank you. Your Honor.

**COURT**: I don't believe this is —

**U.S. BANK COUNSEL**: Okay.

**COURT**: I mean, I — four months is enough time to solve this issue. And I don't believe that the lender ever will. So, I'm granting the claim objection —

**MS. TIRELLI**: Thank you very much. Your Honor.

**COURT**: — for the reasons stated in the objection, that the creditor, U.S. Bank, with SPS as its servicer, is not the holder, as that term is defined in the UCC, of the underlying note, given that the only endorsement on the note that would give it holder status is a purported allonge that is not firmly affixed to the note. There is a perfected mortgage, but the mortgage does not, in New York, give the holder of a mortgage standing, unless the mortgage actually references the obligation to pay the debt as well. So, SPS, acting for U.S. Bank,

or U.S. Bank itself, does not have the ability to enforce the note. So, you can email the order to chambers.
**MS. TIRELLI**: Thank you. Your Honor.

Of significant import to the instant discussion is the following:

> **COURT**: I guess that would obviate... And the record is clear. I mean, I've made it clear since we had the hearing on this. The claim objection now is several months old. The first hearing on it was May 23, 2018. It was served February 13, 2018. The only response — although this has been adjourned twice since then — is to provide me with the allonge, which was not firmly affixed to the note. I had set a June 4th deadline to respond to the objection, stating at the time that I needed a declaration, under penalty of perjury, as to whether or not U.S. Bank was the holder of the note. I still don't have it. So, I feel there's been more than enough time to respond to the objection, and the lender has not been able to. * * * *[6]

14. In accordance therewith, on October 31, 2018, this Court entered an Order and issued a Memorandum Decision, disallowing and expunging Claim No. 16 filed by U.S. Bank because it failed to produce documentary evidence of standing, to wit: that it was a holder entitled to enforce the underlying Note pursuant to New York law[7].

15. Thereafter, on November 28, 2018, U.S. Bank appealed the Order and Memorandum Decision of this Court to the District Court for the Southern District of New York (attached as "**Exhibit H**").

16. By teleconference held on December 10, 2018, the District Court set a briefing schedule that required the appellate brief of U.S. Bank to be filed on or before January 29, 2019.

17. True to form, and most certainly in conformity with its prior behavior exhibited throughout the instant matter, U.S. Bank failed to file its appellate brief with the District Court.

---

[6]  Exhibit G.
[7]  Exhibit A.

18. During the interim period between the briefing schedule set by the District and January 30, 2019, when it became clear that U.S. Bank would not be prosecuting its appeal, the Pinnocks were caused to expend considerable sums of money in legal fees, etc., to prepare their defense to the appeal that U.S. Bank commenced but failed to prosecute.

19. On February 22, 2019, the District Court entered an Order dismissing U.S. Bank's appeal (attached hereto as "**Exhibit I**"); and on February 25, 2019, the Clerk of Courts entered a Civil Judgment (attached hereto as "**Exhibit J**").

20. On March 12, 2019, U.S. Bank filed the instant motion, seeking relief pursuant to Federal Rule of Civil Procedure 60(b), applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024, as well as Federal Rule of Bankruptcy Procedure 3008. Therein, U.S. Bank requests this Court grant it relief from the Order entered on October 31, 2018, on the bases that: (1) it is entitled to relief pursuant to Rule 60(b)(1) because although prior counsel "did not seek to obtain the documents"[8] to establish standing, i.e., that it was the holder of a valid and enforceable instrument under New York law, such inaction was not "willful;"[9] (2) it is entitled to relief pursuant to Rule 60(b)(6) because, as demonstrated by the exhibits attached to the instant motion, it is the holder of the underlying Note and, as such, U.S. Bank should not be deprived of its bargained for exchange, nor should the Pinnocks be given a "windfall," all because of a "procedural issue resulting from prior counsel's oversight"[10] and that U.S. Bank will be prejudiced if deprived of its bargained for exchange, whereas the Pinnocks will suffer no harm from any delay so caused; (3) it is entitled to relief pursuant to

---

[8] U.S. Bank's Memorandum of Law at 6.
[9] U.S. Bank's Memorandum of Law at 6.
[10] U.S. Bank's Memorandum of Law at 2.

Rule 60(b)(6) and principles of equity; and (4) the documents attached to the instant motion evidence that U.S. Bank has standing to enforce the underlying Note.

21. For the reasons that follow, U.S. Bank is not entitled to the relief it seeks.

## LAW AND ARGUMENT

### A. LEGAL STANDARD - FEDERAL RULE OF CIVIL PROCEDURE 60(B) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024

22. Federal Rule of Civil Procedure 60(b), applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9024, provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> * * *
>
> (6) any other reason that justifies relief.

23. Rule 60(b)(6) is an extraordinary remedy and should not be used as a substitute for other legal remedies, and relief is to only be afforded when "exceptional circumstances prevented the moving party from seeking redress through the usual channels."[11]

24. "In addition to demanding that the movant show 'exceptional circumstances,' the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result."[12]

---

[11] In re Salander, 450 B.R. 37, 47 (Bankr.S.D.N.Y. 2011).

[12] In re Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, 2017 Bankr. LEXIS 4145 at *6 (Bankr.S.D.N.Y. 2017) (citing Freedom, N.Y., Inc. v. United States, 438 F.Supp.2d 457, 462-63 (S.D.N.Y. 2006) (quotation and internal quotation marks omitted)).

25. It is universally accepted in all jurisdictions that a Rule 60(b) motion is **not** a substitute for a direct appeal.[13] Indeed, "[a]llowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments. Litigants unsuccessful at trial could forego available appeals and, should subsequent decisions in other cases render their positions viable, they could move to have adverse judgments vacated. The uncertainty resulting from such a rule would be unacceptable. In order to bring himself within the limited area of Rule 60(b), a petitioner is required to establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal."[14]

26. The timing provision for the rule can be found in section (c), which provides: "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. A motion brought pursuant to this rule must be made within a reasonable time, which has been construed to mean "no more than a year after the entry of the judgment or order or the date of the proceeding."[15]

---

[13] <u>Stevens v. Miller</u>, 676 F.3d 62, 67 (2nd Cir. 2012)(citing <u>United Airlines, Inc. v. Brien</u>, 588 F.3d 158, 176 (2nd Cir. 2009)). <u>See also</u> <u>In re Salander</u>, 450 B.R. 37, 52-53 (CGM) (Bankr.S.D.N.Y. 2011).
[14] <u>Plotkin v. Pacific Tel. & Tel. Co.</u>, 688 F.2d 1291, 1293 (9th Cir. 1982) (internal citations omitted).
[15] <u>In re Old Carco LLC</u>,423 B.R. 40, 46 (Bankr. S.D.N.Y.2010) (quoting Fed.R.Civ.P. 60(c)(1) (omission in original)).

27. The moving party bears a heavy burden because the relief afforded by Rule 60 is extraordinary and, as such, viewed with disfavor.[16]

### B. U.S. BANK CANNOT ESTABLISH EXCUSABLE NEGLECT – ITS CONDUCT WAS DELIBERATE AND WILLFUL

28. The Code does not define excusable neglect, but the Second Circuit has set forth a tripartite-test to determine whether excusable neglect exists in the context of a Rule 60(b) motion.[17] The American Alliance factors are: (i) whether the failure to respond was willful; (ii) the existence of a meritorious defense; and (iii) the degree of prejudice that the non-movant would suffer if the court granted the motion.[18]

29. "The Second Circuit has interpreted the willfulness standard to include conduct which is deliberate, egregious, or evidencing bad faith. Mere careless or negligent errors by an attorney or client do not constitute 'willfulness.' A court may find willfulness where there is 'bad faith, or at least something more than mere negligence.' 'The subjective inquiry into willfulness effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not.' 'To a significant extent, this test is akin to the clean hands doctrine applicable to all equity cases.'"[19]

---

[16] In re Dana Corp., Case No. 06-10354 (BRL) (Bankr.S.D.N.Y. 2008) (citing In re Crozier Bros., Inc., 60 B.R. 683, 688 (Bankr.S.D.N.Y. 1986)(Rule 60(b) does not permit relitigation of an issue of merit unless one of the bases for relief are established)); see also In re Bowman, 253 B.R. 233, 240 (8th Cir. 2000).

[17] In re Barquet Group, Inc., 477 B.R. 454, 461 (Bankr.S.D.N.Y. 2012) (citing American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57 (2nd Cir. 1996); In re FairPoint Communications, Inc., 462 B.R. 75, 79-80 (Bankr.S.D.N.Y. 2012)).

[18] American Alliance Ins. Co., 92 F.3d at 61; In re FairPoint Communications, Inc., 462 B.R. at 80.

[19] In re Barquet Group, Inc., 477 B.R. at 462 (citations and quotations omitted).

30. Simply put, willfulness refers to conduct that is more deliberate in nature, as opposed to negligent or careless.[20]

31. As applied herein, there is **no amount** of revisionist history that can recast U.S. Bank's seven-year failure to produce evidence that it is the holder of a valid and enforceable instrument into --- a simple oversight.

32. For example, conduct was deemed willful in <u>In re Tyson</u> where the defendants had been properly served with the Adversary Proceeding Complaint but chose not to file an Answer, despite having been given numerous extensions and opportunities to do so.[21]

33. Here, the record is replete with express acknowledgements by counsel for U.S. Bank that it knew that it had to produce the requested documentation but simply chose not to comply. Indeed, even here, counsel for U.S. Bank freely concedes that prior counsel just "did not seek to obtain the documents"[22] despite requests by this Court (and opposing counsel) to do so.

34. Interestingly, U.S. Bank does not appear to offer a reason or otherwise explain its prior counsel's repeated failure --- its present counsel just matter-of-factly states nonproduction was due to "oversight."[23]

---

[20] <u>Id</u>. at 462; <u>see also</u> <u>In re Schiltkamp,</u> Case No. 16-13037-SMB, at *14 (Bankr.S.D.N.Y. Mar. 9, 2019) (citations omitted).

[21] <u>In re Tyson</u>, Case No. 03-41900-ALG (Bankr.S.D.N.Y. Aug. 17, 2007). See also <u>In re Dana Corp.</u>, Case No. 06-10354 (BRL) (Bankr.S.D.N.Y. 2008) (citing <u>Tyson v. New York</u>, 81 Fed. Appx. 398 (2nd Cir. 2003) (Movant not entitled to relief under Rule 60(b) where documents produced during discovery and available to moving party prior to filing motion); <u>Gibson v. Wise</u>, 331 F. Supp.2d 168, 169 (E.D.N.Y. 2004) (refusing to grant relief under Rule 60(b) where movant failed to identity any "newly discovered evidence" but rather simply set forth the same arguments initially raised in complaint)).

[22] U.S. Bank's Memorandum of Law at 6.

[23] U.S. Bank's Memorandum of Law at 2.

35. U.S. Bank has failed to cite to any legal authority that excuses its failure; nor has U.S. Bank demonstrated that it has met its heavy burden in establishing relief sought pursuant to Rule 60.

36. U.S. Bank failed to produce evidence that it was the holder of a valid and enforceable instrument against the Property when it filed its motion for relief from stay in Mr. Pinnock's Chapter 7 case in 2012 --- despite repeated requests by this Court.

37. And, to repeat history, as opposed to revising it, U.S. Bank failed to file a written response to the Pinnocks' Objection to Claim No. 16 and, just as it did in Mr. Pinnock's Chapter 7 case years earlier, U.S. Bank failed to produce evidence that it was the holder of a valid and enforceable instrument despite this Court having indulged its counsel in one adjournment after another, giving U.S. Bank more than ample time to respond.

38. The time between the date of the Order, the date upon which U.S. Bank became aware of the Order, and the date when it filed the instant motion has bearing on willfulness. Indeed, "[i]n the context of a motion to reconsider an order, parties should file a motion as soon as they discover that grounds may exist to warrant reconsideration." Here, U.S. Bank became aware at the hearing held on September 26, 2018, of the substance of the adverse ruling that this Court indicated it would enter and, yet, U.S. Bank took no remedial measures to rectify its deficiencies before the Order was entered so as to ward off same (and thereby prevent the Pinnocks from having to defend against a frivolous appeal to the District Court along with the instant motion).

39. Accordingly, U.S. Bank's repeated failure to produce evidence of being the holder of the underlying Note can only be described as deliberate and willful. If U.S. Bank's repeated

failure to comply with directives from this Court since 2012, in two different bankruptcy cases, does not fall within the purview of "willful," then it is hard to imagine conduct that does.

40. In any event, by no means should the Pinnocks be forced to pay the price for the conduct of U.S. Bank nor its counsel.

41. Based on the foregoing, U.S. Bank's repeated failures, which spans more than seven years, to proffer documentary evidence of being the holder of a valid and enforceable instrument cannot be construed as anything other than deliberate and willful.

## C. U.S. BANK DOES NOT HAVE STANDING – IT DOES NOT HAVE A MERITORIOUS DEFENSE

42. In addition to not establishing excusable neglect, U.S. Bank can likewise not prove that it has a meritorious defense.

43. Although U.S. Bank waxes ecstatic that it now has the documentation both requested by this Court and required by New York law to be deemed the holder of the Note at issue, nothing could be further from the truth. The purported Allonge is not firmly affixed to the underlying Note as required by New York law.[24]

44. And, of course, the unfirmly, non-affixed Allonge is not the only problem. As previously set forth, the purported Allonge was not attached to the Note proffered by U.S. Bank in support of the Motion for Relief from Stay filed in Mr. Pinnock's prior bankruptcy case in 2012; the purported Allonge and alleged assignment were fraudulent because same were prepared by the Richmond Monroe Group, which boasted on its website as being in the business of creating

---

[24] In re Pinnock, Case No. 16-23508-RDD (Bankr.S.D.N.Y. Oct. 31, 2018).

instrument documentation to plug up any holes created through unlawful and invalid transfers; and also because MERS had no authority to assign the underlying Note to any entity, including U.S. Bank.

45. Moreover, U.S. Bank cannot demonstrate a meritorious defense because it is just simply too late for any proffer of evidence that establishes its status as holder.

46. Federal Rule of Bankruptcy Procedure 3001(c)(2)(D) provides:

> **(D)** If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
>
> **(i)** preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>
> **(ii)** award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

47. The Pinnocks, in their Objection to Claim No. 16, highlighted the coup de grâce delivered by Rule 3001(c)(2)(D);[25] explaining that Claim No. 16 lacked supporting documentation, and that which was proffered was fatally defective because the supporting documents were fabricated and, therefore, fraudulent, and fraudulent documentation does not and cannot support a proof of claim.[26] In fact, at the hearing held on May 23, 2018, this Court duly acknowledged the issue of fraud raised before it, informing counsel for U.S. Bank in no uncertain terms:

> **COURT**: This is really serious. I mean, these are very serious allegations that are made. I had a lift stay motion that did not include this allonge, which supposedly was stapled to the document, and yet the lift stay motion was filed without it. And I raised it in three hearings, giving the lender a chance to show

---

[25] Exhibit E at paras. 20-29.
[26] Exhibit E at paras. 20-31.

me their standing, which they didn't do.  So they need to treat this as bank fraud.
That's serious.  Okay?

**U.S. BANK COUNSEL**:  Understood.  Yes.  Thank you, Your Honor.[27]

48. To the extent that U.S. Bank claims that it has finally gotten around to retrieving the requisite

documentation to prove its standing, Rule 3001(c)(2)(D) operates as a bar.

49. At this juncture, it is noted that U.S. Bank fails to address the fact that the Pinnocks raised

Rule 3001(c)(2)(D) in its Objection to Claim No. 16 and never filed an opposition prior to

the hearing.

50. It must also be note that the "evidence" that U.S. Bank introduces herein as attached to its

motion is not newly discovered evidence.  Said proffer does not establish that U.S. Bank has

standing as the holder of a valid and enforceable instrument pursuant to N.Y. U.C.C. §3-202;

putting that fact to the side, however, U.S. Bank has <u>always</u> had control over the "documentary

evidence" it attaches herein despite having been given a plethora of opportunities prior to now

to do so.

### D.  <u>GRANTING THE MOTION WILL CAUSE UNDUE HARM AND SUBSTANTIAL PREJUDICE TO THE PINNOCKS</u>

51. The third and final factor of the tripartite test is the amount of prejudice that granting the

Motion for Reconsideration would cause the debtor and/or the bankruptcy estate.[28]

52. As a general rule, "mere delay is not sufficient to demonstrate a sufficient level of

prejudice."[29]

---

[27]  Exhibit F at Pg. 4, lines 15-25; Pg. 5, line 1.
[28]  In re FairPoint Communications, 462 B.R. at 82.
[29]  In re Enron, 326 B.R. 46, 52, 53 (Bankr.S.D.N.Y. 2005).

53. Regarding this point, U.S. Bank argues that if it is not granted relief from the Order entered on October 31, 2018, then it will lose the benefit of its bargained for exchange.

54. That argument, however, is a nonstarter for two reasons. First, U.S. Bank has failed to produce evidence of standing --- it is not lawfully entitled to enforce the Note upon which its argument is premised. And, second, the Pinnocks will suffer undue harm and substantial prejudice.

55. With respect to the latter, Mr. and Mrs. Pinnock are each close to 80 years-old and have been married to each other for more than 50 years; they worked hard their entire lives and raised a family with strong integrity.

56. The Pinnocks have fully complied with all the demands that have been made of them, and were present in court each time their case was on this Court's docket.

57. Additionally, this Court, in its underlying Decision, noted that Pinnocks were lawfully entitled to pursue "a recognized collective action to quiet title."[30] In accordance therewith, the Pinnocks obtained approval[31] to retain Albert A. Hatem, Esq., who is currently representing them in that pursuit.[32] A natural consequence flowing therefrom is the amount of money that the Pinnocks have expended and are currently expending in connection with their pending quiet title proceeding.

58. Another financial hardship that the Pinnocks were caused to suffer as a result of U.S. Bank's shenanigans involve the sums expended in connection with the appeal filed by U.S. Bank and ultimately dismissed by the District Court due to U.S. Bank's failure to file its appellate brief.

---

[30] Exhibit A at Page 14.
[31] ECF Doc. No. 46.
[32] See U.S. Bank v. Pinnock, et al., Bronx Supreme Court Index No. 35991/2014E.

Indeed, the Pinnocks incurred additional expenses and attorney fees for the following, <u>inter alia</u>, that includes but is not limited to: reviewing the Notice of Appeal and miscellaneous papers filed by U.S. Bank; performing an in-depth review of the entire 2011 Chapter 7 case and the current Chapter 13 case, including relevant transcripts from Mr. Pinnock's Chapter 7 case; reviewing the Designation of Record filed by U.S. Bank; preparing, drafting, and filing a counter designation that includes select transcripts from the Chapter 7 case; preparing for and attending the telephonic conference held by the District Court.

59. Further regarding dismissal of the appeal, counsel for U.S. Bank asked for and received consent from the undersigned to dismiss same, but when the stipulation of dismissal was forwarded for execution, language had been included therein making each party responsible for their own attorney fees and costs --- an issue that had not been previously discussed, let alone, agreed upon (see emails and draft stipulations attached hereto as "**Exhibit K**"). Consequently, the undersigned did not agree to and sign that stipulation, which then led counsel for U.S. Bank to draft the stipulation attached to its motion at Exhibit 16; for reasons undisclosed by counsel for U.S. Bank, that stipulation was not filed with the District Court, which dismissed U.S. Bank's appeal for failing to file its appellate brief.

60. Based on the foregoing, it is beyond dispute that sustaining U.S. Bank's motion will cause the Pinnocks to suffer undue hardship and substantial prejudice.

### E. **THE INSTANT MOTION IS IMPERMISSIBLY BEING USED AS A DIRECT APPEAL**

61. As previously set forth, a party may not use a motion brought pursuant to Rule 60(b) as a substitute for a direct appeal and, here, for all intents and purposes, that is precisely what U.S. Bank has done.[33]

62. U.S. Bank appealed the Order of this Court from which it now seeks relief. Its appeal was dismissed, however, because U.S. Bank failed to adhere to the scheduling order and timely file an appellate brief.

63. It is axiomatic that U.S. Bank could have fully prosecuted its appeal but, instead, it chose not to, trading in its appellate brief for an untimely filed Hail-Mary motion for relief.

64. Consequently, the instant motion filed by U.S. Bank must be viewed as nothing more than a impermissible substitute for its aborted appeal.

### SUMMARY

Federal Rule 60 affords extraordinary relief. Here, there is no real question that U.S. Bank has failed to meet its burden in establishing its entitlement to the relief requested. U.S. Bank did not advance any argument supported by either fact or law to demonstrate that it met even one prong of the American Alliance tripartite test, let alone, satisfy all three.

---

[33] Stevens v. Miller, 676 F.3d 62, 67 (2nd Cir. 2012)(citing United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2nd Cir. 2009)). See also In re Salander, 450 B.R. 37, 52-53 (CGM) (Bankr.S.D.N.Y. 2011).

- In 2012, U.S. Bank failed to produce evidence that it was the holder of the underlying Note when it moved this Court for relief from the automatic stay entered in Mr. Pinnock's now closed Chapter 7 case.

- U.S. Bank attached different documentation to Claim No. 16 than it did to its motion for relief from stay --- both sets of documentation purport, however, to be the same set of documentation, i.e., the underlying Note and mortgage.

- In 2018, U.S. Bank again failed to produce evidence that it was the holder of the underlying Note in connection with its oral defense to the Pinnocks' Objection to Claim No. 16.

- U.S. Bank appealed this Court's Order entered on October 31, 2018, to the District Court for the Southern District of New York, but its appeal was dismissed for lack of prosecution; specifically, U.S. Bank failed to file its appellate brief.

- The Pinnocks expended considerable sums of money in defending their Objection to Claim No. 16, i.e., preparing for and attending hearings, only to have them adjourned and then adjourned again, as well as their written advocacy.

- The Pinnocks also expended considerable sums of money in preparing a defense to U.S. Bank's appeal, which was dismissed as a result of its failure file an appellate brief.

- The Pinnocks expended, and continue to expend, considerable sums of money in defending against the instant motion.

- The Pinnocks expended considerable sums of money in defending their Objection to Claim No. 16, i.e., preparing for and attending hearings, only to have them adjourned and then adjourned again, as well as their written advocacy.

- The instant motion filed by U.S. Bank must be viewed as an aborted appeal and nothing more.

- Succinctly stated, U.S. Bank has had more than seven years to produce evidence that is the holder of the underlying Note but it has chosen not to.  Now that U.S. Bank must deal with the resting consequences of its own inactions, it cries foul.  But a party cannot cry foul if it does not show up to play and, here, U.S. Bank made no such showing.

## CONCLUSION

**WHEREFORE,** the Pinnocks respectfully request that the motion for reconsideration filed by U.S. Bank be denied in its entirety.


**Dated:** White Plains, New York
       July 29, 2019

/s/Linda M. Tirelli, Esq.
TIRELLI LAW GROUP, LLC
50 Main Street, Suite 1265
White Plains, N.Y. 10606
Phone: 914-732-3222
Email: LTirelli@TW-LawGroup.com
